UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANDREW KLOTSCHE | : | CIVIL NO.: 3:13CV955 |
| | : | |
| VS. | : | |
| | : | |
| YALE UNIVERSITY and | : | |
| INTERNATIONAL UNION, SECURITY, | : | |
| POLICE AND FIRE PROFESSIONALS | : | |
| OF AMERICA, LOCAL NO. 502 | : | JULY 8, 2013 |

## C O M P L A I N T

1. This is a hybrid Section 301/unfair representation action for violation by an employer of the provisions of a collective bargaining agreement and by a union of its obligation to provide fair representation to all of its members.

2. Jurisdiction of this court is invoked under the provisions of Sections 1331, 1343(3) and 1367(a) of Title 28 and Sections 151, *et seq.,* of Title 29 of the United States Code.

3. At all times mentioned in this action, the plaintiff was employed by the defendant Yale University as a Security Officer and was a member of the

1

defendant International Union, Security, Police and Fire Professionals of America, Local No. 502 (hereinafter "Local 502").

4.  At all times mentioned in this action, the defendant Local 502 was a labor organization as that term is defined in the National Labor Relations Act, 29 U.S. Code section 152(5).

5.  At all times mentioned in this action, the defendant Local 502 was the designated and recognized representative of the plaintiff and other employees of the Yale University Security Programs.

6.  At all times mentioned in this action, the defendant Local 502 had an obligation under the National Labor Relations Act to act for the plaintiff and to represent his interests in his relationship with the aforesaid employer.

7.  On February 21, 2013, the plaintiff, who had not previously been disciplined by the employer in any manner, was given a one-day unpaid suspension for not being at his assigned post.

8.  The said discipline violated Article 6, Sections 1 and 4, of the Collective Bargaining Agreement between Yale University and Local 502 in that progressive discipline was not followed, the discipline was not for just cause, and the discipline was imposed in an arbitrary, capricious and discriminatory manner.

9.  The plaintiff promptly asked Local 502 to file a grievance on his behalf based on the aforesaid contract violations.

10. At that time, the plaintiff was a candidate for the position of Second Shift Union Steward, in opposition to the person currently holding that position.

11. Also at that time, the plaintiff had openly expressed his belief that the union was not properly representing its members and was attempting to organize an effort to replace the union with another more responsive to the needs of its members.

12. Because of the plaintiff's actions described in Paragraphs 10 and 11, Local 502 intentionally delayed in filing the plaintiff's grievance until after the deadline for doing so had expired. The grievance was not forwarded to management until March 14, 2013.

13. The defendant Yale University denied the grievance on the ground that it had no merit and on the ground that it was untimely.

14. Without the plaintiff's knowledge, Local 402, in writing, accepted the employer's position on the grievance and abandoned it.

25. As a result of the wrongdoing of both defendants described above, the plaintiff suffered economic loss and emotional distress.

WHEREFORE the plaintiff claims judgment against the defendants and each of them, jointly and severally, for compensatory damages, punitive damages and costs.

        THE PLAINTIFF


BY:_____/s/_____
        JOHN R. WILLIAMS (ct00215)
        51 Elm Street
        New Haven, CT 06510
        203-562-9931
        Fax: 203-776-9494
        jrw@johnrwilliams.com
        His Attorney