UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANDREW KLOTSCHE | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO.: |
| | : | 3:13CV955 (RNC) |
| vs. | : | |
| | : | |
| YALE UNIVERSITY, ET AL | : | |
| | : | |
| Defendants | : | SEPTEMBER 27, 2013 |

## REPORT OF PARTIES' PLANNING CONFERENCE

Date Complaint Filed:                             July 8, 2013
Date Complaint Served:                           July 15, 2013
Date of Yale University's Appearance:            July 16, 2013
Date of International Union, Security,
Police and Fire Professionals of America,
Local No. 502's Appearance:                      August 9, 2013

    Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, conferences were held on September 3, 2013 and September 20, 2013. The participants were:

John R. Williams, Esq.
John R. Williams & Associates, LLC
51 Elm Street, Suite 409
New Haven, CT 06510
Tel: 203-562-9931
Fax: 203-776-9494 fax
E-mail: jrw@johnrwilliams.com
for plaintiff Susan Burhans

Patrick M. Noonan, Esq.
Donahue, Durham & Noonan, P.C.
741 Boston Post Road, Suite 306
Guilford, CT  06437
Tel:  203-458-9168
Fax:  203-458-4424
E-mail:  pnoonan@ddnctlaw.com
for defendant Yale University

Gregg D. Adler, Esq.
Livingston, Adler, Pulda, Meiklejohn & Kelly
557 Prospect Avenue
Hartford, CT  06105
Tel:  860-233-9821
Fax:  860-232-7818
E-mail:  gdadler@lapm.org
for defendant International Union, Security, Police and Fire Professionals of America, Local No. 502 ("Local 502")

Scott A. Brooks, Esq.
Gregory, Moore, Jeakle & Brooks, P.C.
65 Cadillac Square, Suite 3727
Detroit, MI 48226
Tel:  (313) 964-5600
Fax:  (313) 964-2125
Email:  scott@unionlaw.net
for defendant Local 502

## I. Certification.

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in conjunction with their clients, have developed the following proposed case management plan.  Counsel further certify that they have forwarded a copy of this report to their clients.

**II.    Jurisdiction.**

    A.    *Subject Matter Jurisdiction.*

This Court has subject matter jurisdiction over the plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343.

    B.    *Personal Jurisdiction.*

The parties stipulate that they are subject to the personal jurisdiction of this Court.

**III.   Brief Description of the Case.**

    A.    *Claims of Plaintiff:*

The plaintiff claims that the defendant Yale University breached the collective bargaining agreement between Yale University and defendant International Union, Security, Police and Fire Professionals of America, Local No. 502 ("Local 502") when it suspended the plaintiff for one day, asserting that progressive discipline was not followed, the discipline was not for just cause, and the discipline was imposed in an arbitrary, capricious, and discriminatory manner.  The plaintiff claims that Local No. 502 intentionally delayed filing the plaintiff's grievance regarding the discipline until after the deadline for doing so expired and when it accepted Yale University's reasons for denying the grievance – that it was untimely and was without merit – and abandoned the grievance.

    B.    *Defense and Claims of Defendant:*

Yale University denies any violation of the collective bargaining agreement or wrongful conduct.  Local 502 denies that it failed to adequately represent the plaintiff.

**IV.     Statement of Undisputed Facts:**

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

1. The plaintiff was employed at Yale University as a Security Officer and was a member of Local 502.

2. The plaintiff was disciplined by being suspended for one day.

**V.     Case Management Plan:**

A.     *Standing Order on Scheduling in Civil Cases.*

The parties do not request modification of the deadlines in the Standing Order on Scheduling in Civil Cases at this time, but reserve the right to do so if deemed necessary.

B.     *Scheduling Conference with the Court.*

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

C.     *Early Settlement Conference.*

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

2. The parties do not request an early settlement conference.

3. When a settlement conference is held, the parties prefer a settlement conference with a magistrate judge.

        4.      The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

    D.    *Joinder of Parties and Amendment of Pleadings.*

        1.      The plaintiff should be allowed until September 30, 2013 to file motions to join additional parties and until October 15, 2013 to file motions to amend the pleadings.

        2.      Yale University and Local 502 should be allowed until November 8, 2013 to file motions to join additional parties.

    E.    *Discovery.*

        a.      The parties anticipate that discovery will be needed on the following subjects:

Plaintiff and Yale University: The plaintiff and Yale University anticipate that discovery will be needed as to the plaintiff's allegations that Yale University violated the collective bargaining agreement by disciplining the plaintiff, whether Yale University wrongfully denied the plaintiff's grievance, and damages.

Local 502: Local 502 anticipates that discovery will be needed as to the plaintiff's allegations that he was disciplined without cause, that the collective bargaining agreement was violated, that Local 502 breached its duty of fair representation, and damages.

        b.      All discovery, including deposition of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by September 30, 2013 and completed (not propounded) by February 28, 2014.

        c.      Discovery will not be conducted in phases.

      d.      Discovery will be completed no later than February 28, 2014.

      e.      The parties anticipate that the plaintiff will require a total of two depositions of fact witnesses, that Yale University will require a total of four depositions of fact witnesses, and that Local 502 will require a total of one to three depositions of fact witnesses.  The depositions will commence by September 30, 2013 and will be completed by February 28, 2014.

      f.      The parties do not anticipate requesting permission to serve more than 25 interrogatories, but reserve the right to do so if deemed necessary.

      g.      Plaintiff may call expert witnesses at trial.  Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by November 15, 2013.  Depositions of any such experts will be completed by December 31, 2013.

      h.      Yale University and Local 502 may call expert witnesses at trial.  Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by January 31, 2014.  Depositions of any such experts will be completed by February 28, 2014.

      i.      A damages analysis will be provided by any party who has a claim or counterclaim of damages by December 15, 2013.

      j.      Undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of

such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information.  The parties agree to preserve electronically stored records, as they exist, retroactive to January 1, 2010.  The parties will reach further agreement on the form the disclosure of electronically stored records will take.  As more information becomes available, the parties will reach an agreement on the costs of the electronic discovery.

        k.     Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting claims of privilege after production.  The parties agree to the following procedures for asserting claims of privilege after production:  if any information that is privileged or subject to work-product protection is disclosed, the party to whom it is disclosed will notify opposing counsel and opposing counsel will have 30 days to assert the privilege and seek return of the information.  The party to whom the information is disclosed agrees not to review the information after recognizing that a privilege or work-product protection applies and further not to duplicate the information or further disclose it.

    F.    *Dispositive Motions:*

Dispositive motions will be filed not later than April 30, 2014.

    G.    *Joint Trial Memorandum.*

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be submitted within 45 days of the ruling on dispositive motions, should such

motions be filed, or within 45 days after the parties notify one another that dispositive motions will not be filed.

## VI. Trial Readiness.

The case will be ready for trial within 30 days of the filing of a joint trial memorandum.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

        THE PLAINTIFF
        ANDREW KLOTSCHE

BY: _____/s/_____
        JOHN R. WILLIAMS (ct00215)
        51 Elm Street
        New Haven, CT 06510
        (203) 562-9931
        jrw@johnrwilliams.com


        THE DEFENDANT
        YALE UNIVERSITY

BY:___/s/ Patrick M. Noonan  (#ct00189)___
        Patrick M. Noonan
        Donahue, Durham & Noonan, P.C.
        741 Boston Post Road
        Guilford, CT 06437
        (203) 458-9168
        pnoonan@ddnctlaw.com

        THE DEFENDANT
        INTERNATIONAL UNION SECURITY,
        POLICE AND FIRE PROFESSIONALS
        OF AMERICA, LOCAL NO. 502

BY: /s/
    Gregg D. Adler, Esq.
    Livingston, Adler, Pulda, Meiklejohn & Kelly
    557 Prospect Avenue
    Hartford, CT 06105
    (860) 233-9821
    gdadler@lapm.org

        INTERNATIONAL UNION SECURITY,
        POLICE AND FIRE PROFESSIONALS
        OF AMERICA, LOCAL NO. 502

BY: /s/
    Scott A. Brooks, Esq.
    Gregory, Moore, Jeakle & Brooks, P.C.
    65 Cadillac Square, Suite 3727
    Detroit, MI 48226
    (313) 964-5600
    scott@unionlaw.net

## **CERTIFICATION**

  I hereby certify that, on the above-written date, a copy of the foregoing Report of Parties' Planning Conference was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

                    _____/s/_____
                       Patrick M. Noonan