UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANDREW KLOTSCHE | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO.: |
| | : | 3:13CV955 (CSH) |
| vs. | : | |
| | : | |
| YALE UNIVERSITY, ET AL | : | |
| | : | |
| Defendants | : | MAY 29, 2014 |

### DEFENDANT YALE UNIVERSITY'S LOCAL RULE 56(a)(1) STATEMENT

1. The plaintiff is employed by Yale University as a Security Officer. (Complaint, at ¶ 3.)

2. The plaintiff is a member of International Union, Security, Police and Fire Professionals of America, Local No. 502. (Complaint, at ¶ 3.)

3. In 2009, the plaintiff was counseled for being in possession of the master set of keys to Pierson College in violation of department policy. (Depo. Andrew Klotsche April 9, 2014, at pp. 16-18.)

4. In December, 2010, the plaintiff's supervisor found the plaintiff reading textbooks and taking notes when he should have been working. (Depo. Andrew Klotsche April 9, 2014, at pp. 18-20; Affidavit of Daniel Killen, at ¶ 20; Exhibit 8 to Affidavit of Daniel Killen.)

5. In April, 2011, the plaintiff was counseled about congregating with fellow security officers. (Depo. Andrew Klotsche April 9, 2014, at pp. 53-54; Affidavit of Daniel Killen, at ¶ 21.)

6. In September, 2011, the plaintiff received a verbal warning because he was in the Law School when he should have been covering another area. (Depo. Andrew Klotsche April 9, 2014, at pp. 10-13; Affidavit of Daniel Killen, at ¶¶ 22, 24-25; Exhibits 9, 11, 12 to Affidavit of Daniel Killen.)

7. In August, 2011, the plaintiff was counseled regarding proper bike attire. (Depo. Andrew Klotsche April 9, 2014, at pp. 51-52; Affidavit of Daniel Killen, at ¶ 23; Exhibit 10 to Affidavit of Daniel Killen.)

8. On January 9, 2013, the plaintiff's supervisors observed the plaintiff in the basement of Branford College, sitting at a table with his jacket and duty belt removed. He had a textbook open and was writing on a pad. They also discovered that the plaintiff was in possession of the keys to Branford College, which was in violation of department policy. (Depo. Andrew Klotsche April 9, 2014, at pp. 25-31; Affidavit of Daniel Killen, at ¶¶ 3-6; Exhibits 1, 2 to Affidavit of Daniel Killen.)

9. The plaintiff informed one of his supervisors that he was not concerned about being written up because he would only receive a counseling or written warning, and would not be suspended without pay or terminated. (Depo. Andrew Klotsche April 9, 2014, at pp. 30-32; Affidavit of Daniel Killen, at ¶ 6; Exhibit 2 to Affidavit of Daniel Killen.)

10. On January 11, 2013, the plaintiff's supervisor found the plaintiff in the subterranean area of Jonathan Edwards College when he should have been providing a visible, uniformed security presence. He also was in possession of keys in violation of departmental rules. (Depo. Andrew Klotsche April 9, 2014, at pp. 32-35; Affidavit of Daniel Killen, at ¶¶ 7-8; Exhibit 3 to Affidavit of Daniel Killen.)

11. On January 17, 2013, Daniel Killen conducted an investigatory interview regarding the plaintiff's performance on January 9, 2013 and January 11, 2013. During the interview, the plaintiff admitted that he was inside buildings when he should have been providing a visible security presence and in possession of keys in violation of department policy on January 9, 2013 and January 11, 2013. He further acknowledged that he was aware that security officers were not supposed to carry keys unless the keys were needed and stated that he had previously been disciplined for carrying keys. (Depo. Andrew Klotsche April 9, 2014, at pp. 36-43; Affidavit of Daniel Killen, at ¶¶ 9-12; Exhibit 4 to Affidavit of Daniel Killen.)

12. On February 21, 2013, the plaintiff was informed that he would receive a one day suspension without pay as a result of his conduct on January 9, 2013 and January 11, 2013. (Affidavit of Daniel Killen, at ¶ 15; Exhibit 5 to Affidavit of Daniel Killen.)

13. The plaintiff filed a grievance dated February 27, which was received by Yale University on March 14, 2013. The grievance was untimely filed. (Affidavit of Daniel Killen, at ¶ 16; Exhibit 6 to Affidavit of Daniel Killen; Depo. Andrew Klotsche April 9, 2014, at p. 48.)

14. A Step II Hearing on the plaintiff's grievance was conducted on March 18, 2013, wherein the plaintiff was given the opportunity to explain the basis for his grievance as well as his actions and statements on January 9, 2013 and January 11, 2013. (Depo. Andrew Klotsche April 9, 2014, at pp. 47-48, 89-90; Affidavit of Daniel Killen, at ¶ 17; Exhibit 7 to Affidavit of Daniel Killen.)

15. Yale University denied the plaintiff's grievance on March 26, 2013 because the grievance was untimely filed and the Union did not demonstrate a violation of the collective bargaining agreement. (Depo. Andrew Klotsche April 9, 2014, at pp. 47-48, 89-90; Affidavit of Daniel Killen, at ¶ 18; Exhibit 6 to Affidavit of Daniel Killen.)

16. The plaintiff's grievance was appealed to Step III and discussed at a labor management meeting. The Union thereafter decided not to pursue the grievance to arbitration. (Depo. Andrew Klotsche April 9, 2014, at pp. 88.)

        THE DEFENDANT
        YALE UNIVERSITY

BY:   /s/ Patrick M. Noonan  (#ct00189)
        Patrick M. Noonan
        Colleen Noonan Davis
        Donahue, Durham & Noonan, P.C.
        741 Boston Post Road
        Guilford, CT 06437
        (203) 458-9168

**CERTIFICATION**

      I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                                                  _____/s/_____
                                                                     Patrick M. Noonan