UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ANDREW KLOTSCHE :

Plaintiff, :

vs. :

Case No. 3:13cv955 (CSH)

YALE UNIVERSITY and :
INTERNATIONAL UNION, SECURITY,
POLICE AND FIRE PROFESSIONALS :
OF AMERICA LOCAL NO. 502
:

Defendants

DEFENDANT INTERNATIONAL UNION SECURITY, POLICE AND FIRE PROFESSIONALS OF AMERICA, LOCAL NO. 502's:

MOTION FOR SUMMARY JUDGMENT
MEMORANDUM OF LAW
LOCAL RULE 56(a)1 STATEMENT
CERTIFICATE OF SERVICE

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **ANDREW KLOTSCHE** | : | |
| **Plaintiff,** | : | |
| **vs.** | : | **Case No. 3:13cv955 (CSH)** |
| **YALE UNIVERSITY and INTERNATIONAL UNION, SECURITY, POLICE AND FIRE PROFESSIONALS OF AMERICA LOCAL NO. 502** | : | |
| | : | |
| **Defendants** | | |

**DEFENDANT INTERNATIONAL UNION SECURITY, POLICE AND FIRE PROFESSIONALS OF AMERICA, LOCAL NO. 502's MOTION FOR SUMMARY JUDGMENT**

Defendant International Union, Security, Police and Fire Professionals of America (SPFPA) Local No. 502 (hereafter "Defendant Local 502"), pursuant to Federal Rule of Civil Procedure 56, moves for Summary Judgment as follows:

Plaintiff is entitled to summary judgment as:

1. There are no material facts in dispute, as established by Defendant Local 502's Local Rule 56(a)1 Statement, attached;

2. The undisputed facts establish that Defendant Local 502 did not breach its duty of fair representation to Plaintiff and Defendant Yale University did not violate the Collective Bargaining Agreement; and

3. Plaintiff is entitled to judgment as a matter of law.

WHEREFORE, Plaintiffs request this Court to enter an Order directing the entry of judgment in favor of Defendant Local 502 and awarding attorney's fees, costs and such other relief as just and proper.

Respectfully submitted,

s/Scott A. Brooks
Scott A. Brooks (MI P35773)
*Admitted Pro Hac Vice*
Gregory, Moore, Jeakle & Brooks, P.C.
65 Cadillac Square, Suite 3727
Detroit, MI 48226
(313) 964-5600
(313) 964-2125 fax
scott@unionlaw.net

Gregg D. Adler (ct05698)
Livingston, Adler, Pulda,
  Meiklejohn & Kelly, P.C.
557 Prospect Avenue
Hartford, CT 06105
(860) 233-9821
(860) 232-7818 fax
gdadler@lapm.org

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **ANDREW KLOTSCHE** | : | |
| **Plaintiff,** | : | |
| **vs.** | : | **Case No. 3:13cv955 (CSH)** |
| **YALE UNIVERSITY and INTERNATIONAL UNION, SECURITY, POLICE AND FIRE PROFESSIONALS OF AMERICA LOCAL NO. 502** | : | |
| | : | |
| **Defendants** | | |

**DEFENDANT INTERNATIONAL UNION SECURITY, POLICE AND FIRE PROFESSIONALS OF AMERICA, LOCAL NO. 502's MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

# TABLE OF CONTENTS

INDEX OF AUTHORITIES .......... ii

I. STATEMENT OF FACTS .......... 1

II. LEGAL STANDARD .......... 2

III. ARGUMENT .......... 3

IV. CONCLUSION .......... 6

## INDEX OF AUTHORITIES

***Barr v. United Parcel Service, Inc.***, 868 F.2d 36 (2d Cir 1989) ....4

***Carrion v. Enterprise Ass'n, Metal Trades Branch Local Union 638***, 227 F.3d 29 (2nd Cir 2000) ....3

***Cook v. Pan Am. World Airways, Inc.***, 771 F.2d 635 (2d Cir. 1985) ....4

***CSEA v. PERB***, 132 A.D.2d 430, 522 N.Y.S.2d 709 (3d Dep't 1987), *affd*, 73 N.Y.2d 796, 537 N.Y.S.2d 22 (1988) ....4

***DelCostello v. Int'l Bhd Teamsters***, 462 U.S. at 165 S.Ct. 2281 ....3

***Gaines v. New York City Transit Authority***, 528 F.Supp.2d 135 (E.D.N.Y. 2007) ....4

***IBEW v. Foust***, 442 U.S. 42 (1979) ....4

***Knight v. United States Fire Ins. Co.***, 804 F.2d 9 (2nd Cir 1986) ....3

***Saidin v. New York City Department of Education et al.***, 498 F.Supp.2d 683 (SDNY Marrero 2007) ....4

***Samuels v. Mockry***, 77 F.3d 34, 35 (2nd Cir 1996) ....3

***United Parcel Serv., Inc. v. Mitchell***, 451 U.S. 56 (1981) ....3

***Vaca v. Sipes***, 386 U.S. 171, 190 (1967) ....3

***White v. White Rose Food, a Div. of DiGeorgio Corp.***, 237 F.3d 174, 179 (2d Cir. 2001) ....3

**Statutes:**

29 U.S.C. 185(a) ....3

## I. STATEMENT OF FACTS

The Plaintiff, Andrew Klotsche, works as a security officer for Defendant Yale University. On or about February 21, 2013, the Plaintiff was suspended for one day without pay for rules violations committed by the Plaintiff on January 9, 2013 and January 11, 2013. Prior to the events that led to the subject one-day suspension, the Plaintiff was issued a disciplinary verbal warning in September of 2011.

In response to the suspension, the Plaintiff drafted a grievance challenging the severity of the penalty. The grievance was signed by the Plaintiff on February 27, 2013. Through the grievance, the Plaintiff sought to reduce the discipline he received from a suspension to a verbal warning.

The grievance was subsequently filed by Defendant SPFPA Local 502. Although Defendant Yale asserted that the grievance was not timely filed pursuant to the parties' collective bargaining agreement, the University agreed that it would process the grievance and issue a decision on the merits of the grievance. On March 18, 2013, a Step 2 meeting was held to discuss the merits of the grievance. In attendance were representatives of Defendant SPFPA Local 502, Defendant Yale, and the Plaintiff. The Plaintiff was given the opportunity to explain his version of events. Defendant Yale ultimately refused to grant the grievance.

On or about April 30, 2013, a Step 3 meeting took place to once again discuss the merits of the Plaintiff's grievance. International Union, SPFPA Region 1 Director Harold Trigg was in attendance. At the meeting, Defendant Yale reiterated that the grievance was filed untimely but that it still intended to address the merits of the grievance. Defendant Yale explained to Defendant SPFPA Local 502 that it issued the one-day, unpaid suspension based on the Plaintiff's admission that he violated work rules as alleged. Moreover, Defendant Yale indicated at the meeting that the

one-day suspension was determined to be the next step in progressive discipline. That is, the Plaintiff was subjected to a verbal warning in 2011, admitted that he committed a rule violation on January 9, 2013 - which warranted a written warning, and then admitted that he committed a rule violation on January 11, 2013 - which resulted in the suspension. Accordingly, Defendant Yale again rejected the grievance.

Faced with a rejection of the grievance at Step 3, Defendant SPFPA Local 502 was tasked with determining whether or not the grievance had sufficient merit to warrant taking it to arbitration. Defendant SPFPA Local 502 carefully considered the fact that the Plaintiff admitted to violating work rules on two occasions, his disciplinary history, and the level of discipline issued by Defendant Yale. Based solely on the reasonable perception that there was little chance of success at arbitration, Defendant SPFPA Local 502 decided in good faith to withdraw the grievance short of arbitration.

Plaintiff filed the subject Complaint on or about July 8, 2013. An amended complaint was filed August 12, 2013. Since commencement of the suit, the Plaintiff has not conducted any discovery. However, at the direction of the Defendants, the Plaintiff was deposed on April 9, 2014.

## II. <u>LEGAL STANDARD</u>

Pursuant to Fed. R. Civ. P. 56(a), summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In determining whether summary judgment is proper under Fed. R. Civ. P. 56(a), the court looks to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(a). Courts will grant summary judgment "if, viewing all the facts of the record in a

light most favorable to the non-moving party, no genuine issue of material fact remains for adjudication." ***Samuels v. Mockry***, 77 F.3d 34, 35 (2nd Cir 1996). However, the role of the court "is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." ***Knight v. United States Fire Ins. Co.***, 804 F.2d 9, 11 (2nd Cir 1986).

## III. ARGUMENT

This case involves Plaintiff's claims under 29 U.S.C. 185(a) that Yale University (Yale) violated the collective bargaining agreement when it issued to Plaintiff a one-day, unpaid suspension and that Defendant SPFPA violated its duty of fair representation when it withdrew the grievance protesting the suspension and did not forward it to arbitration.

Plaintiff's claim is a classic hybrid §301/fair representation claim. ***Carrion v. Enterprise Ass'n, Metal Trades Branch Local Union 638***, 227 F.3d 29 (2nd Cir 2000). Accordingly, in order to prevail against Defendant SPFPA, Plaintiff ""must not only show that [the Company's actions were] contrary to the contract, but must also carry the burden of demonstrating breach of duty by the Union."" ***DelCostello v. Int'l Bhd Teamsters,*** 462 U.S. at 165, 103 S.Ct. 2281 (quoting ***United Parcel Serv., Inc. v. Mitchell,*** 451 U.S. 56, 66-67, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981)(Stewart, J., concurring)).

A union breaches its duty of fair representation only if it acts in a manner that is "arbitrary, discriminatory, or in bad faith." ***Vaca v. Sipes***, 386 U.S. 171, 190 (1967); *see also* ***White v. White Rose Food, a Div. of DiGeorgio Corp.***, 237 F.3d 174, 179 (2d Cir. 2001) "Neither a union's decision not to pursue an employee's grievance to every level of the applicable procedure, nor the employee's dissatisfaction with the manner in which the union conducted the representation, constitutes sufficient grounds warranting a finding of a breach of the duty of fair representation."

***Saidin v. New York City Department of Education et al.***, 498 F.Supp.2d 683, 689 (SDNY Marrero 2007).

Courts give unions significant leeway in deciding how best to represent their members. ***IBEW v. Foust***, 442 U.S. 42, 51(1979) ("union discretion is essential to the proper functioning of the collective bargaining system"). As the Second Circuit has stated,

> tactical errors are insufficient to show a breach of the duty of fair representation; even negligence on the union's part does not give rise to a breach. "Proof of mere negligence or errors of judgment… is insufficient… 'As long as the union acts in good *faith,* the courts cannot intercede on behalf of employees who may be prejudiced by rationally founded decisions which operate to their particular disadvantage.'"

***Barr v. United Parcel Service, Inc.***, 868 F.2d 36, 43-44 (2d Cir. 1989)(quoting ***Cook v. Pan Am. World Airways, Inc.***, 771 F.2d 635, 645 (2d Cir. 1985)). Similarly, it is well established that a union's failure to pursue a grievance in the manner preferable to the grievant, in the absence of bad faith, is not a breach of the duty of fair representation. ***Gaines v. New York City Transit Authority***, 528 F.Supp.2d 135 (E.D.N.Y. 2007); *see also* ***CSEA v. PERB***, 132 A.D.2d 430, 432, 522 N.Y.S.2d 709, 710 (3d Dep't 1987), *affd,* 73 N.Y.2d 796, 537 N.Y.S.2d 22 (1988) (an honest mistake resulting from misunderstanding or lack of familiarity with matters of procedure does not rise to the level of arbitrary, discriminatory or bad-faith conduct required to establish an improper practice by the union).

In this case, Plaintiff must prove that Yale breached the collective bargaining agreement by suspending him for one day without pay <u>and</u> that Defendant SPFPA breached its duty of fair representation when it exercised its discretion to withdraw the grievance short of arbitration. Plaintiff can do neither.

In his Amended Complaint, Plaintiff alleges that the Union did not arbitrate the grievance in retaliation for his union activity. At his deposition, Plaintiff admitted he was not aware of any evidence in support of this claim. The uncontested evidence is that the Union made the decision not to arbitrate based on an analysis of the merits of the grievance and likelihood of success, and nothing else.

Plaintiff maintains that he desired the grievance to be arbitrated. That is not the standard upon which to judge the Union's actions. Plaintiff admits that the Union has the discretion to choose which cases to arbitrate. In this instance, the Union exercised that discretion in deciding that a one day suspension, based on the facts of the case, and the perceived likeliness of success, did not merit arbitration.

In addition, the uncontested facts demonstrate that in fact the Plaintiff engaged in two separate rule violations that justified the penalty imposed. Accordingly, there was just cause for the discipline and no violation of the Collective Bargaining Agreement. Thus, Plaintiff fails in meeting either prong of the test for a hybrid 301 violation.

Defendant SPFPA is entitled to summary judgment as a matter of law on the basis that there are no issues of material fact concerning whether Defendant SPFPA satisfied its duty of fair representation when it carefully considered the merits of the subject grievance and determined that there was insufficient basis for pursing the matter to arbitration. That is, there is no question of fact or law that the decision to withdraw Plaintiff's grievance was within the Union's discretion, coupled with the fact that Yale did not violate the Collective Bargaining Agreement when it disciplined Plaintiff. As such, the complaint should be dismissed with prejudice.

## IV. CONCLUSION

For the reasons stated above, Defendant SPFPA Local 502 requests that its Motion for Summary Judgment be granted and the Amended Complaint be dismissed with prejudice.

Respectfully submitted,

s/Scott A. Brooks
Scott A. Brooks (MI P35773)
*Admitted Pro Hac Vice*
Gregory, Moore, Jeakle & Brooks, P.C.
65 Cadillac Square, Suite 3727
Detroit, MI 48226
(313) 964-5600
(313) 964-2125 fax
scott@unionlaw.net

Gregg D. Adler (ct05698)
Livingston, Adler, Pulda,
Meiklejohn & Kelly, P.C.
557 Prospect Avenue
Hartford, CT 06105
(860) 233-9821
(860) 232-7818 fax
gdadler@lapm.org

Dated: May 29, 2014

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

**ANDREW KLOTSCHE** :

**Plaintiff,** :

**vs.** :

**YALE UNIVERSITY and INTERNATIONAL UNION, SECURITY, POLICE AND FIRE PROFESSIONALS OF AMERICA LOCAL NO. 502** :

:

**Defendants**

**Case No. 3:13cv955 (CSH)**

**DEFENDANT INTERNATIONAL UNION SECURITY, POLICE AND FIRE PROFESSIONALS OF AMERICA, LOCAL NO. 502's LOCAL RULE 56(a)1 STATEMENT**

1. Plaintiff Andrew Klotsche is employed as a security officer by Defendant Yale. Defendant SPFPA Local 502 represents the bargaining unit of Defendant Yale security officers. Plaintiff is a member of Defendant SPFPA Local 502.

2. On February 21, 2013, Plaintiff received from Defendant Yale a one day unpaid suspension for rule violations that occurred on January 9, 2013 and January 11, 2013.

3. Plaintiff drafted a written Grievance that Defendant SPFPA Local 502 filed. The Grievance, under Basis for Grievance, states: "Failure to follow progressive discipline on behalf of University and selective disciple [sic] on behalf of the University." The Grievant requests as the "Relief Requested:" "Reduction and removal of 'unpaid suspension' from employment file and replaced with verbal warning for failure to request break." Plaintiff signed the grievance on February 27, 2013. (Exhibit 1)

4. Plaintiff maintains that the grievance was not timely filed (Amended Complaint Para. 12). Plaintiff admits that notwithstanding the claim that the grievance was not timely filed, Defendant Yale processed the grievance and made a determination on the merits of the claim. (Plaintiff Tr. pps. 47-48). (Plaintiff's Deposition Transcription is filed as Exhibit 2)

5. Plaintiff sought reduction of the one day unpaid suspension to a verbal warning because he felt the one day unpaid suspension was too harsh. (Plaintiff Tr. pps. 46-47)

6. Plaintiff acknowledges that on two occasions (January 9 and January 11, 2013), he had been found to be in violation of the work rules. (Plaintiff Tr. pps. 46-47)

7. On March 18, 2013, a Step 2 grievance meeting was held between Defendant Yale and Defendant SPFPA Local 502. The merits of the grievance were discussed at this meeting. Plaintiff attended that meeting and had full opportunity to explain his side of the events. (Plaintiff Tr. pps. 89-90)

8. Defendant Yale denied the grievance after a Step 3 grievance meeting; Defendant SPFPA Local 502 withdrew the grievance as not meriting arbitration. Plaintiff was informed that the grievance would not be arbitrated. (Plaintiff Tr. p. 88)

9. During his deposition, (at Plaintiff Tr. pps. 89-90), Plaintiff admitted that:
    a. Defendant Local 502 does not have to arbitrate every grievance;
    b. Defendant Local 502 could exercise discretion not to arbitrate his grievance;
    c. Defendant Local 502 and Defendant Yale discussed the merits of Plaintiff's grievance;
    d. Defendant Local 502 could have concluded that the merits of the grievance were not valid; and

e. Defendant Local 502 would have a legitimate basis for not arbitrating the grievance if it concluded the merits were not valid.

10. The Amended Complaint alleges that Plaintiff had not been previously disciplined "in any manner." (Amended Complaint, para. 7). However, at his deposition, Plaintiff admitted that in September 2011, Plaintiff received a disciplinary verbal warning. (Plaintiff Tr. pps. 91-92)

11. Plaintiff states the under progressive discipline, the next discipline he would receive would be a written warning, and the next after that a suspension. Plaintiff admits that under the progressive discipline policy, he should have received a written warning for the January 9, 2013 rule violation as he had previously received a verbal warning. Plaintiff further admits that for the January 11, 2013 rule violation, the next step of progressive discipline would be the administration of a suspension. (Plaintiff Tr. pps. 91-94).

12. Plaintiff alleges that Defendant Local 502 intentionally delayed filing the grievance in order to make it untimely. (Amended Complaint para. 12)

13. At his deposition, Plaintiff was asked: "Is there any evidence that you have that the grievance was filed untimely because of your union activities?" Plaintiff answered, "No, I do not." (Plaintiff Tr. p 94)

14. At his deposition, Plaintiff was asked whether he had "any evidence with respect to the reasons why the grievance was delayed in filing, if it was?" Plaintiff's response (Plaintiff Tr. p. 102) was:

> I don't have any evidence other than the fact that it was dated the date that it was and with the collective bargaining agreement that the time frame is - - I believe it's ten days, ten business days.

15. At the 3rd Step meeting, Local 502 was represented, in part, by International Union, SPFPA Director Harold Trigg. Mr. Trigg has provided a Declaration, attached as Exhibit 3, that establishes:

a. The University discussed and considered the merits of the grievance during the Step 3 meeting (paragraph 5);

b. The University denied the grievance on the basis that Plaintiff committed rules violations on January 9, 2013 and January 11, 2013 and further the University had followed progressive discipline (paragraph 6);

c. Defendant Local 502's analysis of the grievance considered the University's response, Plaintiff's admission of wrongdoing and the application of progressive discipline (paragraph 7); and

d. Based on that criteria, Defendant Local 502 withdrew the grievance (paragraph 8).

Respectfully submitted,

s/Scott A. Brooks
Scott A. Brooks (MI P35773)
*Admitted Pro Hac Vice*
Gregory, Moore, Jeakle & Brooks, P.C.
65 Cadillac Square, Suite 3727
Detroit, MI 48226
(313) 964-5600
(313) 964-2125 fax
scott@unionlaw.net

Gregg D. Adler (ct05698)
Livingston, Adler, Pulda,
Meiklejohn & Kelly, P.C.
557 Prospect Avenue
Hartford, CT 06105
(860) 233-9821;(860) 232-7818 fax
gdadler@lapm.org

Dated: May 29, 2014

**CERTIFICATION OF SERVICE**

I hereby certify that, on the above-written date, copies of the foregoing Motion for Summary Judgment, Memorandum of Law and Local Rule 56(a)(1) Statement were filed electronically and served by e-mail to all parties listed below by operation of the court's electronic filing system.

JOHN R. WILLIAMS (ct00215)
51 Elm Street
New Haven, CT 06510
(203) 562-9931
jrw@johnrwilliams.com

Patrick M. Noonan
Donahue, Durham & Noonan, P.C.
741 Boston Post Road
Guilford, CT 06437
(203) 458-9168
pnoonan@ddnctlaw.com

/s/Scott A. Brooks
Scott A. Brooks
*Admitted Pro Hac Vice*
Gregory, Moore, Jeakle & Brooks, P.C.
65 Cadillac Square, Suite 3727
Detroit, MI 48226
(313) 964-5600
scott@unionlaw.net