UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANDREW KLOTSCHE | : | |
| VS. | : | NO. 3:13cv955(CSH) |
| YALE UNIVERSITY, ET AL. | : | JUNE 20, 2014 |

**BRIEF IN OPPOSITION TO MOTIONS FOR SUMMARY JUDGMENT**

    This is a hybrid Section 301 unfair representation action against the plaintiff's employer and union.  The plaintiff claims that he received excessive discipline, in violation of the rule of progressive discipline in place at his worksite, and that his union failed to represent him effectively in his grievance.  Taking the evidence in the light most favorable to the plaintiff, a jury in this case could find that the plaintiff's personnel and department files reflected no disciplinary history and no unfavorable documentation; that his only previous documented discipline had been an oral warning; and that for a relatively minor rule infraction he was given a one-day unpaid suspension rather than the written warning which was required by progressive discipline.  Although his union eventually did grieve this suspension, the grievance was untimely.  The fact that it was untimely was used by the employer as part of its basis for denying the grievance.  The union

thereupon decided that the plaintiff deserved the punishment he had received, although in fact it was clearly contrary to the requirements of progressive discipline.  The union thereupon abandoned the plaintiff.

Both defendants have moved for summary judgment.  Essentially their position is that the plaintiff should have been given a written warning previously and that the fact that he was not given a written warning, and that indeed the alleged incident was not even memorialized in the employer's records, is irrelevant.  They cite no authority for this novel argument.  On the basis of that argument, they contend that the plaintiff received the discipline he deserved and that the union was right in abandoning him.

"Section 301 of the LMRA [Labor Management Relations Act, 29 U.S.C. § 185] provides a cause of action for breach of a collective bargaining agreement....However,...the employer would normally be able to defeat the claim by arguing that [the plaintiff] had failed to exhaust her grievance and arbitration remedies.  To avoid that problem, [a plaintiff may argue] that the Union thwarted her ability to invoke the grievance and arbitration proceedings, in violation of the Union's duty of fair representation."  Smith v. Continental AFA, 562 F. Supp. 2d 283, 290 (D. Conn. 2008), *citing* DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151, 163-65 (1983); Vaca v. Sipes, 386 U.S. 171, 185-86 (1967).

"In a hybrid Section 301/duty of fair representation claim, the plaintiff can choose to name both the employer and the union as defendants, or only one of the two....Regardless of who is named a defendant, however, the plaintiff cannot succeed unless she makes three showings.  First, the plaintiff must prove that the employer in fact breached the CBA....Second, the plaintiff must show that the Union breached its duty of fair representation....Finally, the plaintiff must show that there is a causal connection between the Union's wrongful conduct and any injuries that she suffered."  Smith v. Continental AFA, 562 F. Supp. 2d 283, 290 (D. Conn. 2008), *citing* DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151, 165 (1983); White v. White Rose Food, 237 F.3d 174, 178 (2nd Cir. 2001); Spellacy v. Airline Pilots Association International, 156 F.3d 120, 126 (2nd Cir. 1998).

It is a fundamental aspect of the "just cause" standard in labor arbitrations that the employer's rules, orders and penalties be imposed "evenhandedly and without discrimination to all employees."  *E.g.*, International Brotherhood of Electrical Workers, Local Union 420 v. Connecticut Light & Power Co., State Board of Mediation & Arbitration, Case No. 2010-A-0216 (April 27, 2010)(Weiner, Arb.); New London v. International Assn. of Firefighters, IAFF, Local 1522, State Board of Mediation & Arbitration, Case No. 9697-A-690, p. 3 (July 28, 1999)(Cain, Arb.); Bridgeport v. Bridgeport Fire Fighters, IAFF, Local

834, 97 Lab. Arb. Rep. (BNA) 327, 331 (1991)(Freedman, Arb.); New Haven v. AFSCME, Council 4, AFL-CIO, Local 3144, 90 Lab. Arb. Rep. (BNA) 1040, 1042 (1988)(Stacey, Arb.); Evening Sentinel v. Ansonia Typographical Union, No. 285, State Board of Mediation & Arbitration, Case No. 7071-A-175, p. 7 (May 26, 1971)(Weckstein, Arb.); A. Koven & S. Smith, *Just Cause: The Seven Tests* 360 (3d Ed. 2006); C. Deitsch, "Jekyll and Hyde: The Split Personalities of a Public Sector Arbitrator," 30 J. Collective negotiations in Publ Sector 16 (2003).  See AFSCME, Council 4, Local 1565 v. Dept. of Correction, 298 Conn. 824, 829-30, 6 A.3d 1142 (2010); Hartford Municipal Employees Assn. v. City of Hartford, 128 Conn. App. 646, 660-65, 19 A.3d 193 (2011)(Flynn, J., dissenting).

Because the evidence in this case would permit a jury to conclude that the rule of progressive discipline was uniformly followed at the plaintiff's workplace – except in his case – that jury could conclude that there was not just cause for his one-day unpaid suspension.

Because the evidence permits a jury to conclude that there was not just cause for the plaintiff's discipline, and further permits a jury to conclude from their actions and their inaction that union officials harbored a bias against the plaintiff and wanted him to be disciplined, despite the lack of just cause, the jury could find that the union in this case did engage in conduct toward its member that was arbitrary, discriminatory or motivated by bad faith.  Vaca v. Sipes, 386

U.S. 171, 190 (1967); Barr v. United States Postal Service, Inc., 868 F.2d 36, 43 (2nd Cir. 1989).  Thus, there is sufficient evidence in this case to permit a jury to find the issues in the plaintiff's favor.

"A motion for summary judgment may properly be granted...only where there is no genuine issue of material fact to be tried, and the facts as to which there is no such issue warrant the entry of judgment for the moving party as a matter of law....The function of the district court in considering the motion for summary judgment is not to resolve disputed questions of fact but only to determine whether, as to any material issue, a genuine factual dispute exists....In determining whether the moving party is entitled to judgment as a matter of law...or whether instead there is sufficient evidence in the opposing party's favor to create a genuine issue of material fact to be tried, the district court may not properly consider the record in piecemeal fashion, trusting innocent explanations for individual strands of evidence; rather, it must 'review all of the evidence in the record,' *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000)....And in reviewing all of the evidence to determine whether judgment as a matter of law is appropriate, 'the court must draw all reasonable inferences in favor of the nonmoving party,' *Reeves*, 530 U.S. at 150..., even though contrary inferences might reasonably be drawn....Summary judgment is inappropriate when the admissible materials in the record make it arguable that the claim has

merit..., for the court in considering such a motion must disregard all evidence favorable to the moving party that the jury is not required to believe....In reviewing the evidence and the inferences that may reasonably be drawn, the court may not make credibility determinations or weigh the evidence....Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge....Where an issue of material fact cannot be resolved without observation of the demeanor of witnesses in order to evaluate their credibility, summary judgment is not appropriate....In sum, summary judgment is proper only when, with all permissible inferences and credibility questions resolved in favor of the party against whom judgment is sought, there can be but one reasonable conclusion as to the verdict...." <u>Kaytor v. Electric Boat Corporation</u>, 609 F.3d 537, 545-6 (2nd Cir. 2010) (quotation marks and citations omitted).

      The defendants have failed to meet their burden on a summary judgment motion and, accordingly, both motions must be denied.

Respectfully submitted:

/s/
JOHN R. WILLIAMS (ct00215)
51 Elm Street
New Haven, CT 06510
203.562.9931
Fax:  203.776.9494
jrw@johnrwilliams.com
Plaintiff's Attorney

CERTIFICATION OF SERVICE

On the date above stated, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

/s/
JOHN R. WILLIAMS