UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANDREW KLOTSCHE | : | |
| VS. | : | NO. 3:13cv955(CSH) |
| YALE UNIVERSITY, ET AL. | : | JUNE 20, 2014 |

**PLAINTIFF'S LOCAL RULE 56 STATEMENT**

*A   RESPONSES TO DEFENDANT YALE'S CLAIMS OF FACT*

1. Admit
2. Admit
3. Admit
4. Admit
5. Admit
6. Admit
7. Admit
8. Admit
9. Admit
10. Admit
11. Admit

12. Admit

13. Admit

14. Admit

15. Admit

16. Admit

**B     PLAINTIFF'S RESPONSES TO CLAIMS OF DEFENDANT LOCAL 502**

1. Admit

2. Admit

3. Admit

4. Admit, except that the grievance was denied by the employer in part because it was untimely.  (Killen Affidavit, ¶ 18 and Ex. 6)

5. Admit

6. Admit

7. Admit

8. Admit

9. Admit

10. Admit

11. Admit, but it is irrelevant what the plaintiff "could" or "would" have received because in fact it is undisputed that he did not receive a written warning

prior to his suspension.  (Deposition Transcript, pp. 91-94)

      12.  Admit

      13.  Admit

      14.  Admit

      15.  Admit that Mr. Trigg makes these claims.  Whether they are believed or not is for a trier of fact to determine.  <u>Broadcast Music, Inc. v. Havana Madrid Restaurant Corp.</u>, 175 F.2d 77, 80-81 (2nd Cir. 1949) (Hand, Hand and Frank, JJ.)[1]

---

[1] "[T]he demeanor of an orally-testifying witness is 'always assumed to be in evidence.'  It is 'wordless language.'  The liar's story may seem uncontradicted to one who merely reads it, yet it may be 'contradicted' in the trial court by his manner, his intonations, his grimaces, his features, and the like – all matters which 'cold print does not preserve' and which constitute 'lost evidence' so far as an upper court is concerned.  For such a court, it has been said, even if it were called a 'rehearing court,' is not a 'reseeing court.'  Only were we to have 'talking movies' of trials could it be otherwise.  A 'stenographic transcript correct in every detail fails to reproduce tones of voice and hesitations of speech that often make a sentence mean the reverse of what the words signify.  The best and most accurate record is like a dehydrated peach; it has neither the substance nor the flavor of the fruit before it was dried.'  It resembles a pressed flower.  The witness' demeanor, not apparent in the record, may alone have 'impeached' him.  The alleged 'rule,' if taken literally, would return us to the practice of 'trial by deposition,' which common-law procedure rejected and which, in recent years, has been rejected in federal noncommon law trials as well."

C     **PLAINTIFF'S STATEMENT OF MATERIAL FACTS**

1. A private conversation which the plaintiff had with R. Chavis was used against the plaintiff during the disciplinary proceedings. The plaintiff was never warned that the contents of a private conversation could be used against him and he was denied union representation at the disciplinary proceeding. (Plaintiff's Interrogatory Answers, ¶ 1(b))

2. Defendant Yale University violated the requirement of progressive discipline, under past practices, by issuing the plaintiff a one-day suspension without pay following a verbal warning given to the plaintiff seventeen (17) months earlier in an unrelated incident. The discipline imposed should have been a written warning, rather than an unpaid suspension. (Ibid.)

3. The disciplinary memo issued to the plaintiff was without just cause, because it cited "continued poor work performance" when nothing in the plaintiff's HR Personnel File or the Department File documented any claim of poor work performance. Moreover, the Security Department does not even have any employee evaluation. (Ibid.)

4. The charges of carrying university keys without permission were not supported by just cause, because it is a common practice of security employees to carry such keys and management is aware of it. Management at Yale Security has even issued keys to selected security officers to be carried ontheir

personal key rings both on duty and off duty. (Ibid.)

                      THE PLAINTIFF

        BY:          /s/
                      JOHN R. WILLIAMS (ct00215)
                      51 Elm Street
                      New Haven, CT 06510
                      203.562.9931
                      Fax: 203.776.9494
                      jrw@johnrwilliams.com
                      His Attorney

<u>CERTIFICATION OF SERVICE</u>

On the date above stated, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                      /s/
                JOHN R. WILLIAMS