UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANDREW KLOTSCHE | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO.: |
| | : | 3:13CV955 (CSH) |
| vs. | : | |
| | : | |
| YALE UNIVERSITY, ET AL | : | |
| | : | |
| Defendants | : | July 1, 2014 |

**DEFENDANT YALE UNIVERSITY'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Plaintiff's Brief in Opposition to the Motion for Summary Judgment acknowledges that he must prove three things in order to prevail in this hybrid Section 301 claim: (1) that Yale University in fact breached the Collective Bargaining Agreement, (2) that the Union breached its duty of fair representation, and (3) that there is a causal connection between the Union's wrongful conduct and the injury suffered by the plaintiff.  (Plaintiff's brief at p.3, Smith v. Continental AFA, 562f supp. 2d 283, 290(d) Conn. 2008.)   See also, DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151, 165 (1983).

Even assuming arguendo that the plaintiff had proffered sufficient evidence to make out a triable issue on the first two elements – and he has not – plaintiff's brief is conspicuous in its failure to suggest that the plaintiff has any evidence of a triable issue on the third element.  It is clear from the materials submitted in support of the Motion for Summary Judgment that there is in fact no causal connection between the Union's wrongful conduct in this case (i.e. the alleged late filing of the grievance) and any injury suffered by the plaintiff.  It

is undisputed that Yale held a hearing on the merits on the plaintiff's grievance, at which the plaintiff was given the opportunity to fully explain the basis for his grievance, as well as his actions and statements on January 9, 2013 and January 11, 2013.  The grievance was then denied on two grounds:  (1) it was untimely filed, and (2) the Union had not demonstrated a violation of the Collective Bargaining Agreement.  Given that the grievance was decided on the merits adversely to the plaintiff, there can be no claim that the Union's alleged wrongful conduct—i.e. the failure to timely file the grievance--caused any damage to the plaintiff, for the simple reason that the outcome of the grievance would have been same even if it had been timely filed.

       Accordingly, summary judgment should enter in favor of the defendant, Yale University.

       THE DEFENDANT
       YALE UNIVERSITY

       BY:   /s/ Patrick M. Noonan  (#ct00189)
       Patrick M. Noonan
       Colleen Noonan Davis
       Donahue, Durham & Noonan, P.C.
       741 Boston Post Road
       Guilford, CT 06437
       (203) 458-9168

**CERTIFICATION**

       I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

                                                  /s/
                                     Patrick M. Noonan