UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANDREW KLOTSCHE : | |
|     Plaintiff, : | |
| vs. : | Case No. 3:13cv955 (CSH) |
| YALE UNIVERSITY and : | |
| INTERNATIONAL UNION, SECURITY, | |
| POLICE AND FIRE PROFESSIONALS : | |
| OF AMERICA LOCAL NO. 502 | |
| : | |
|     Defendants | |

_____

**DEFENDANT INTERNATIONAL UNION, SECURITY, POLICE AND FIRE PROFESSIONALS OF AMERICA, LOCAL NO. 502's RESPONSE BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendant International Union, Security, Police and Fire Professionals of America (SPFPA), Local No. 502 files this brief in reply to Plaintiff's Brief in Opposition to Motions for Summary Judgment, pursuant to Local Court Rule 7(d).

As rightly pointed out by the Plaintiff, a successful hybrid Section 301 suit requires that the claimant prove that the employer breached the applicable collective bargaining agreement, that the union breached its duty of fair representation, <u>and</u> that "there is a causal connection between the Union's wrongful conduct and any injuries . . ." suffered by the claimant. (Plaintiff's brief p. 3, citing *Smith v Continental AFA*, 562 F Supp 2d 283, 290 (D. Conn. 2008)).

According to Plaintiff, the available evidence, viewed in a light most favorable to the Plaintiff, should be presented to the trier of fact because there exists factual disputes relevant to the outcome of the instant matter. (Plaintiff's brief pp. 1-2, 4). However, the Plaintiff failed to raise in his brief any genuine issues of material fact.

Firstly, Plaintiff argues, nonsensically, that a "jury could find . . ." both that the Plaintiff's personnel file "reflected no disciplinary history" and also that "his only previous documented discipline had been an oral warning." (Plaintiff's brief p. 1). The Plaintiff cannot create a disputed fact by arguing both sides of the point. The uncontroverted facts, as admitted by the Plaintiff in his deposition, clearly show that the Plaintiff received an oral warning prior to the incidents of January 2013 that led to the subject one-day suspension. (Plaintiff Tr. pp. 91-92). With that admission, there is no issue of fact as to whether the Plaintiff received an oral warning prior to the events in question.

Next, the Plaintiff contends that a trier of fact could conclude that the Plaintiff should have received a "written warning . . ." instead of the subject one-day suspension "for a relatively minor rule infraction . . . ." (Plaintiff's brief p. 1). It naturally follows then, the Plaintiff avers, that there is a factual dispute with respect to whether there was "just cause for his one-day suspension." (*Id*. p. 4). This argument ignores the fact that during his deposition, the Plaintiff admitted that he actually committed two, separate rule infractions, each of which could or should have resulted in separate disciplinary actions. (Plaintiff Tr. pp. 91-94). The Plaintiff further admitted that, pursuant to the principles of progressive discipline, the employer had reason to issue a written warning for his rule violation of January 9, 2013. Moreover, the Plaintiff went on to admit that the rule infraction of January 11, 2013, would, as a third offense, naturally result in a suspension. Whether or not the employer took the time to issue a formal, written warning for the January 9th offense prior to issuing a suspension for the separate January 11th offense does not preclude the employer, as a matter of timing and convenience, from moving legitimately to the next step in progressive discipline. Put another way, Plaintiff is not sheltered from the appropriate level of discipline simply because he engaged in two separate acts of misconduct in such a short period of time that

the first disciplinary penalty had not yet issued. Accordingly, there is no issue of material fact with respect to whether the employer implemented the appropriate level of discipline.

Based on the above, Plaintiff fails to establish a factual dispute that the employer breached the collective bargaining agreement and therefore the Complaint fails.

The Plaintiff also asserts that the subject grievance was not filed within the applicable contractual time limits and that the delay "was used by the employer as part of its basis for denying the grievance." (Plaintiff's brief p. 1). These facts are not in dispute. Because the employer also rejected the grievance based on the merits, the Plaintiff was not in any way prejudiced by the tardy filing. That is, even if the grievance had been filed before the prescribed deadline, the employer still would have rejected the grievance based on the circumstances. Thus, the timeliness of the grievance has no bearing on the outcome of this matter and cannot be the basis for presenting this case to a jury.

Even assuming *arguendo* that the issue of timeliness somehow lends credibility to the Plaintiff's claim, the uncontested facts show that the Union also reviewed the merits of the grievance and concluded that, based on the Plaintiff's actions, and not on the timeliness of the filing of the grievance, the employer did not violate the just cause provision of the CBA when it issued the subject discipline. (Trigg Declaration). Furthermore, "'procedural' questions which grow out of the dispute and bear on its final disposition. . . ." – such as time limits for filing a claim – are "presumptively . . . for an arbitrator, to decide." *UBS Financial Services, Inc. v West Virginia University Hospitals, Inc.*, 660 F 3d 643, 654 (2nd Cir. 2011) (quoting *Howsam v Dean Witter*, 537 US 79, 84 (2002), quoting *John Wiley & Sons, Inc. v Livingston*, 376 US 543 (1964)). Thus, had SPFPA determined that there was sufficient merit to the grievance to warrant arbitration, the matter of whether the grievance was barred by the contractual time limits would have been decided by an

arbitrator.  For this reason, the Plaintiff's reliance on the procedural issue of timeliness rings hollow.

The sum of the Plaintiff's argument is that a jury could find that the SPFPA's failure to timely file the grievance and ultimate decision not to arbitrate the matter was because "union officials harbored a bias against the plaintiff and wanted to be disciplined . . . ."  (Plaintiff's brief p. 4).  In so finding, the argument goes, "the jury could find that the union in this case did engage in conduct toward its member that was arbitrary, discriminatory or motivated by bad faith."  (*Id*.).  However, the Plaintiff cites no facts in his brief to support that proposition.  Because the Plaintiff, as the nonmoving party, has the burden of presenting evidence to support a jury verdict in his favor and "may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible,"[1] the glaring lack of evidence presented by the Plaintiff demonstrates that there are no issues of fact to be decided in this matter.  Without evidence to the contrary, Harold Trigg's Declaration stands uncontroverted.  In other words, even if the Plaintiff has raised, arguably, a question of whether the SPFPA was guilty of "tactical errors," "negligence," or "errors of judgment," the Second Circuit has rightfully pointed out that such errors do not rise to the level of a breach of the duty of fair representation.  See *Barr v. United Parcel Service, Inc.,* 868 F.2d 36, 43-44 (2d Cir. 1989)(quoting *Cook v. Pan Am. World Airways, Inc.,* 771 F.2d 635, 645 (2d Cir. 1985)).

---

[1] *Goenaga v March of Dimes Birth Defects Foundation*, 51 F 3d 14, 18 (2nd Cir. 1995).

Accordingly, summary judgment should be entered in favor of Defendant International Union, Security, Police and Fire Professionals of America (SPFPA), Local No. 502.

                        Respectfully submitted,

                        __s/Scott A. Brooks_____
                        Scott A. Brooks (MI P35773)
                        *Admitted Pro Hac Vice*
                        Gregory, Moore, Jeakle & Brooks, P.C.
                        65 Cadillac Square, Suite 3727
                        Detroit, MI  48226
                        (313) 964-5600
                        (313) 964-2125 fax
                        scott@unionlaw.net


                        Gregg D. Adler (ct05698)
                        Livingston, Adler, Pulda,
                          Meiklejohn & Kelly, P.C.
                        557 Prospect Avenue
                        Hartford, CT  06105
                        (860) 233-9821;(860) 232-7818 fax
                        gdadler@lapm.org

Dated:  July 3, 2014


## **CERTIFICATION**

    I hereby certify that, on the above date, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system.  Parties may access this filing through the court's CM/ECF System.

                        ___/s/ Scott A. Brooks____