UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANDREW KLOTSCHE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:13-cv-955 |
| | ) | |
| YALE UNIVERSITY and | ) | |
| INTERNATIONAL UNION, SECURITY, | ) | |
| POLICE AND FIRE PROFESSIONALS OF | ) | |
| AMERICA, LOCAL NO. 502, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY ORDER**

One important issue in this "hybrid" § 301/duty-of-fair-representation case is whether the employer breached the progressive-discipline provisions of a collective bargaining agreement (CBA).[1] The court understands that Plaintiff, having previously received a verbal warning, committed separate but similar infractions on January 9 and January 11, 2013, and that, without receiving a written warning, he received a suspension for the conduct on both days. Plaintiff had also been found "out of place" on other occasions by his supervisors. These incidents spanned the period of his employment and were similar to the violations giving rise to the one-day suspension without pay which is the subject of this case.

The parties' summary judgment materials refer to some of the provisions of the applicable CBA, but the parties have not supplied copies of the relevant portions of that

---

[1] The court recognizes that Yale University's position is that, even if it breached the CBA, Plaintiff cannot prevail because he cannot prove a causal connection between his injury and any wrongful conduct by the Union. (Doc. 40.) The court understands the alleged wrongful conduct to be not just the untimely filing of the grievance, but also abandoning the grievance at the "Step 3" stage. (*See* Doc. 17 ¶ 14.) Whether abandoning the grievance was wrongful conduct and whether it caused Plaintiff's alleged injuries would appear to turn largely on the analysis of whether the CBA was breached.

document. Pursuant to Fed. R. Civ. P. 56(e)(1), the court requests that, within 30 days, the parties file a copy of the relevant portions of the CBA, including the provisions on progressive discipline.

The court also invites supplemental briefing on the issue of breach of the CBA. In particular, the court would find it helpful if the parties addressed whether the CBA grants the employer discretion to bypass specific discipline steps under any circumstances, and whether the CBA permits or prohibits the employer from treating each infraction separately.[2] It is not clear from the papers whether the plaintiff's claim is that he received no progressive discipline at all or that the employer omitted a required step.

The defendants may submit a supplemental brief within 30 days. A reply may be filed within 15 days thereafter.

Dated this 27th day of January, 2017.

/S/ Geoffrey W. Crawford
Geoffrey W. Crawford, Judge
United States District Court

---

[2] The court is aware that some progressive-discipline policies explicitly require that each infraction be treated separately. *See Mitchell v. N. Westchester Hosp.*, 171 F. Supp. 2d 274, 280 (S.D.N.Y. 2001).